**Adidas MADLOCK, et al., Appellants,**

v.

**WESTAR ENERGY, INC.
et al., Respondents.**

**WD 79659 consolidated with WD 79662**

Missouri Court of Appeals, Western District.

Filed: May 16, 2017

Tim E. Dollar, Adam W. Krause, Thomas J. Hershewe, Robert L. Kinsman, Rick D. Holtsclaw, KCMO for appellant.

John T. Bullock, Lawrence, KS, Charlie J.Harris, Kevin J. Karpin, KCMO for respondent.

Before Division Two: Cynthia L. Martin, P.J., and Lisa White Hardwick and Alok Ahuja, JJ.

## ORDER

### PER CURIAM:

Appellants Adidas Madlock and Laila Madlock brought an action in the Circuit Court of Jackson County against Westar Energy, Inc. for the wrongful death of their mother, Lachelle Kemp, as a result an automobile accident in Kansas. Westar is a Kansas corporation with its principal place of business in Kansas. The circuit court dismissed the Madlocks' claims against Westar on the basis that Westar lacks sufficient contacts with Missouri to support general personal jurisdiction over Westar for lawsuits unrelated to its Missouri contacts. The Madlocks appeal, arguing that the trial court erred in dismissing the action because Westar consented to general personal jurisdiction by registering to do business in Missouri as a foreign corporation, and appointing a Missouri agent for service of process.

Following oral argument in this case, the Missouri Supreme Court decided *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 512 S.W.3d 41 (2017). *Norfolk Southern* held that "the [foreign-corporation] registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 52. In light of the *Norfolk Southern* decision, we affirm. Because a published opinion would have no precedential value, an unpublished memorandum setting forth the reasons for this order has been provided to the parties. Rule 84.16(b).